MADDEN, WHITAKER and LITTLETON, Judges, concur.

James D. WALTERS
v.
The UNITED STATES.
No. 182–53.

United States Court of Claims.
April 5, 1955.

James D. Walters, pro se.

Edgar H. Brenner, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff, an attorney, made a contract with the Corps of Engineers, United States Army, to prepare and furnish approximately 3,000 certificates of title to approximately 250,000 acres of land comprising the Savannah River Atomic Energy Commission area in Aiken and Barnwell Counties, South Carolina.

Plaintiff was called upon to furnish only 1,651 titles, covering slightly less than 200,000 acres. He claims that he should recover, first, damages for what he lost on the 1,349 title units by which number the 3,000 estimate of the number of titles was reduced; second, that he should recover damages by virtue of the fact that the contract was modified by the defendant's subtracting two communities from the area which the contract covered as originally planned, as a result of which a total of a little more than 50,000 acres was deducted from the work that was originally contemplated. He asserts that if he had known that he would be called upon to examine only 1,651 units, it would have been necessary to increase the price per unit; and, third, he asserts that the defendant's officials decided to deduct the 50,000 acres from the tract originally planned and did not notify him that such action had been taken, and that he was left for several months with a more expensive organization and a greater outlay than would have been necessary had he been notified of the cardinal change in the amount of land to be purchased, and as a consequence the number of title units to be prepared and delivered to defendant.

According to the contract plaintiff was to be paid at the unit price of $5 for each of the estimated 3,000 units of ENG Form 900 covering approximately 250,000 acres of land. He was also to be paid $42.50 per unit for the approximately 3,000 units estimated as necessary for the preparation and delivery of preliminary certificates of title covering the land to be secured, and he was also to be paid $5 per unit for the preparation and delivery of the intermediate and final certificates of title.

Paragraphs 2 and 3 of the General Specifications were as follows:

"2.   Area and Quantities:

"It is understood that the area of the project is subject to change or correction by reason of deletions from or additions to lands in the project and the contracting officer may reduce or increase the total

number of certificates of title to be ordered and delivered.

"3. Delivery:

"Certificates of title shall be completed and actually delivered to the party designated in the order. Deliveries shall be made in the order requested and at the rate of not less than 75 certificates of title per week, provided orders for not less than that number are received weekly. The first delivery shall be made 15 days from the date of the first order.

Note No. 4 of Schedule 1 provided that:

"In order to furnish the certificates of title within the time limits herein specified, the bidder contemplates an original expenditure of approximately $10,000, prior to the furnishing of any substantial number of certificates. For that reason, the bidder specifies that minimum compensation to be paid under the contract, regardless of the number of preliminary certificates ordered, shall not be less than $10,000.00."

Plaintiff was paid the sum of $89,862.50 for the work he performed. He contends that on account of what he claims were cardinal changes in the contract he should be allowed damages in the sum of $20,235. This would be at the approximate rate of $15 per unit for each of the 1,349 certificates which it is alleged he was not permitted to deliver according to the terms of the contract. According to his allegations the $15 per unit constitutes the amount plaintiff should be allowed for overhead, operating expenses and personal services.

As we interpret the contract as outlined in the pleadings and exhibits, the defendant was not obligated to order 3,000 certificates of title. The contract specifically states that "the contracting officer may reduce or increase the total number of certificates of title * * *."

The number of individual certificates was less than anticipated by either party, due partially to the fact that the area sought covered a number of lots in subdivisions which had not been sold out, and therefore there was single rather than multiple ownership of such lots. The reduced number was also partially due to the reduction of some 50,000 acres in the amount of land the purchase of which was originally contemplated.

In view of the specific provisions in the contract there was no fixed number of units specified and the contract clearly permitted either additions to or deductions from the number of acres which would be purchased. There is therefore no right of recovery on the part of the plaintiff for either of these first two items of his claim; that is, he is not entitled to recover for the reduced number of certificates, nor is he entitled to recover because of the changes as such in the amount of land purchased. Willard, Sutherland & Co. v. United States, 262 U.S. 489, 493; Brawley v. United States, 96 U.S. 168, 24 L.Ed. 622; Tennessee Soap Co. v. United States, Ct.Cl., 126 F. Supp. 439.

The kernel of these and other decisions that might be cited depends upon the good faith of the parties in carrying out the terms of the agreement. We find that there was no lacking of good faith nor of compliance with the terms of the contract either in reducing the number of certificates of title to be prepared and furnished, nor in reducing the amount of acreage to be purchased. Since the plaintiff had full knowledge of the terms of the contract he has no basis for complaint on either of these actions. As a matter of fact, according to Note No. 4 of Schedule 1, which was quoted above, plaintiff made provision for an assurance of $10,000 in payment because of preliminary expense. He thus had full knowledge of the fact that neither the number of certificates nor the amount of land was definitely fixed.

However, plaintiff in his third claim alleges that he was not notified of the reduction in the amount of land to be purchased, and that by virtue of the fail-

ure of the defendant to so notify him he was put to substantially increased expense in attorney assistance, overhead and operating expense which would not have been necessary had he been notified that the changes in plans had been made. According to the exhibits, on February 2, 1951, the defendant definitely decided to leave out two communities and plaintiff was not notified of that change in the plans for several months thereafter.

We think plaintiff should have been notified as to this change as soon as or within a reasonable time after it was definitely decided to reduce the acreage by some 50,000 acres.

We quote from the opinion in the case of Gemsco, Inc., v. United States, 115 Ct.Cl. 209, as follows:

"The failure of the contracting officer to promptly notify plaintiff in writing of this change in design constituted, in our opinion, not only a breach of Article 2 of the contract but a violation of the standard of good faith ordinarily required of the Government acting through its agents."

It is true that the Gemsco case was in reference to a somewhat different set of facts. Nevertheless, we think the principle announced is applicable to the case at bar.

The defendant's motion is granted in part and overruled in part, and the case is referred to a commissioner for the taking of testimony limited to any excess costs to which plaintiff was put during the period after the decision of February 2, 1951, to the time when plaintiff was given notice or had knowledge of the change in the amount of land which was purchased, over and above any actual expense that would have been necessary had he known or been given notice of the decision to reduce the amount of land that was to be purchased.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.